683 A.2d 674

**COMMONWEALTH of Pennsylvania**

v.

**Scott HUTCHINS, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 1996.

Filed Sept. 25, 1996.

John Armstrong, Assistant Public Defender, Norristown, for appellant.

Patricia E. Coonahan, Assistant District Attorney, Cheltenham, for Commonwealth, appellee.

Before BECK, KELLY and SCHILLER, JJ.

BECK, Judge:

In this appeal we review the standard for permitting a defendant to withdraw his guilty plea prior to sentencing. Appellant asserts that the trial court erred in denying his petition to withdraw his plea. He also challenges the propriety of his sentence. We affirm.

Appellant committed a vicious and brutal attack on a woman at a train station in Lansdale, Montgomery County by stabbing her over thirteen times in the face, head, neck, chest and extremities. He approached her from behind, grabbed her purse and began slashing her, causing severe injuries and tremendous blood loss. Medical records revealed that the

victim survived only because of the bitterly cold temperature on the day of the attack.

Appellant subsequently entered an open plea of guilty to robbery, possession of an instrument of crime and attempted murder. Prior to sentencing, he petitioned the court to permit him to withdraw the plea. His petition was denied after a hearing and he was sentenced to an aggregate term of 17½ to 35 years in prison.

We first address the denial of appellant's petition to withdraw his guilty plea. There is no absolute right to withdraw a plea; the decision to grant such a petition is committed to the discretion of the trial court. *Commonwealth v. Hayes,* 462 Pa. 291, 341 A.2d 85 (1975).

Appellant claims that his assertion of innocence was sufficient to permit the withdrawal of his plea under *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973) and *Commonwealth v. Iseley,* 419 Pa.Super. 364, 615 A.2d 408 (1992), *appeal denied,* 534 Pa. 653, 627 A.2d 730 (1993). He further argues that subsequent opinions of this court have attempted to do away with the rule announced in *Forbes* and that reliance on those cases is improper.

In *Forbes,* our supreme court held that an assertion of innocence, in the absence of substantial prejudice to the Commonwealth, constituted a fair and just reason for withdrawal of a guilty plea prior to sentencing. In *Iseley,* this court reaffirmed *Forbes* but also held that a mere assertion of innocence and lack of prejudice did not suffice where the defendant had been successful in withdrawing a previous guilty plea in the same case and was now seeking a second withdrawal.

It is clear that the standard for a first time withdrawal of a guilty plea prior to sentencing consists of the two prong test set forth in *Forbes,* that is: 1) a fair and just reason for withdrawal; and 2) a lack of substantial prejudice to the Commonwealth should the case be reinstated and scheduled for trial. While subsequent cases decided by this court have

been critical of the *Forbes* test, they have not altered it in any manner; indeed, this court has no authority to do so.

In *Commonwealth v. Cole,* 387 Pa.Super. 328, 564 A.2d 203 (1989), an en banc panel of this court questioned the rationale of *Forbes* but nonetheless abided by its mandate and found that the denial of withdrawal was appropriate because the Commonwealth would suffer significant prejudice if the petition was granted. In *Commonwealth v. Rish,* 414 Pa.Super. 220, 606 A.2d 946 (1992), another panel of this court expressed dissatisfaction with *Forbes* but held that under the authority of that case, withdrawal of the guilty plea should have been granted since the defendant professed his innocence and the Commonwealth could show no prejudice. In *Commonwealth v. Miller,* 432 Pa.Super. 619, 639 A.2d 815 (1994), this court applied *Forbes* and relied on the existence of prejudice to affirm the denial of the defendant's petition to withdraw.[1]

At the withdrawal hearing in this case, the Commonwealth presented the testimony of the victim's psychologist, Eleanor Tremblay, who has been treating the victim for nearly two years. Ms. Tremblay testified to the victim's cognitive dysfunction, post-traumatic stress disorder and loss of memory, all of which have worsened over time. Ms. Tremblay specifically testified that the victim's memory has diminished, that testifying in court would be very damaging to her and that she has been in substantial distress since learning of the petition to withdraw.

1. In *Commonwealth v. Kasecky,* 442 Pa.Super. 139, 658 A.2d 822, *appeal denied,* 543 Pa. 691, 670 A.2d 140 (1995), a panel of this court found that the defendant's "assertion of innocence [did not] constitute a fair and just reason for withdrawal of his guilty plea." *Id.* at 141, 658 A.2d at 823. However, a careful reading of the case reveals that the court did not ignore the mandate of *Forbes,* but instead considered both the "fair" requirement of that case (the defendant's reason for withdrawal) together with the "just" requirement (prejudice to the Commonwealth). Noting that the defendant had not raised his claim of innocence in his petition to withdraw and that the defendant had been "instrumental in effecting extreme delay throughout the case," the panel rejected his claim. Clearly, the court was troubled by the extensive delays the defendant caused and the prejudicial effect such delays have on the ability of the prosecution to present its case.

Appellant's claim is just like those in *Cole* and *Miller.* Despite his claim of innocence, substantial prejudice would inure to the Commonwealth should the petition be granted. Upon review of the entire hearing transcript, we find no abuse of discretion in the denial of appellant's petition.[2]

■ Appellant next claims that the trial court abused its discretion when it failed to consider the sentencing guidelines and imposed the maximum sentence allowed by law. Appellant has satisfied the procedural requirements of bringing such a claim. *See Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); Pa.R.A.P. 2119(f).[3] His claim also raises a substantial question permitting our review. *See Commonwealth v. Johnson,* 446 Pa.Super. 192, 666 A.2d 690 (1995).

■ We must assess the record as a whole and determine whether the court considered the guidelines in fashioning its sentence. Appellant relies on this court's opinion in *Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984), wherein we stated that "the court must indicate that it understands the sentencing guideline range, in those cases in which the court deviates from the guidelines." *Id.* at 70, 476 A.2d at 458. *See Commonwealth v. Vinson,* 361 Pa.Super. 526, 522 A.2d 1155 (1987) (where court's sentence exceeds guidelines, it must demonstrate awareness and consideration of guidelines); *Commonwealth v. Chesson,* 353 Pa.Super. 255, 509 A.2d 875 (1986) (same).

**2.** We agree with the trial court that appellant's offer to stipulate to the victim's testimony in lieu of her appearance in court would not negate the prejudice to the Commonwealth but would instead compound it. The absence of the victim's live testimony would make the case more difficult to prove.

**3.** Appellant also claims that the court improperly failed to consider his rehabilitative needs. Such a claim specifically has been found not to raise a substantial question. *See Commonwealth v. Lawson,* 437 Pa.Super. 521, 650 A.2d 876, 881 (1994), *appeal denied,* 540 Pa. 596, 655 A.2d 985 (1995). In any event, it is clear from the sentencing transcript that the court considered appellant's potential for rehabilitation and discussed the same with appellant's counsel. The fact that the court was not optimistic about appellant's future does not mean the issue of rehabilitation was not taken into account.

■ The sentencing guideline form in this case sets out the applicable guideline recommendations for each charge. It reveals that appellant was sentenced above the aggravated range for his robbery and possession of an instrument of crime convictions. Both sentences are noted as "guideline departures."[4] The sentencing judge's signature appears on the form. In the section labeled "depart/aggravated reasons," the court noted:

> All aggravated ranges were imposed because this vicious assault-robbery almost ended in murder. Every drop of victim's blood had to be replaced because of the slashing she received in the robbery. Defendant has previous assaults and robberies on women and is a predator who must be excused from society.

We find no violation of *Royer* or its progeny. The court's use of the term "aggravated ranges" instead of "aggravated range *and* departure" is inconsequential. It is clear from the information on the sentencing form that the court was aware of and considered the guideline recommendations, but chose to depart from them in two of three instances due to the savagery of appellant's acts. Further, both the sentencing form and the sentencing transcript establish that the court imposed the harsh sentence because appellant's attack on the victim was brutal, completely unprovoked and part of a pattern of violence toward women.

Judgment of sentence affirmed.

---

**4.** Appellant was sentenced in the aggravated range for his attempted murder conviction.