J-S70013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN COLON | |
| Appellant | No. 505 EDA 2014 |

Appeal from the Judgment of Sentence December 5, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001463-2013

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 19, 2014**

Kevin Colon appeals from the judgment of sentence imposed by the Court of Common Pleas of Lehigh County after he pled *nolo contendere* to possession with intent to deliver (PWID).[1]  Upon careful review, we affirm.

The trial court set forth the facts of the case as follows:

On October 22, 2013, [Colon] entered a plea of *nolo contendere* to the charge of [PWID].  A pre-sentence investigation report and a mental health evaluation were ordered, and sentencing was scheduled for December 5, 2013.  On that date, in conformity with the plea agreement, [Colon] was sentenced to a term of state imprisonment of not less than two (2) years nor more than five (5) years.

At the time of the hearing on [Colon's] motion to withdraw guilty plea and post-sentencing motion to modify sentence, [Colon]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

claimed that his plea was not knowingly and intelligently made. However, this court conducted an extensive verbal colloquy with [Colon] at the time of his *nolo contendere* plea. In response, [Colon] indicated that he understood the rights that he had and the rights that he was relinquishing by entering into the *nolo contendere* plea. He further indicated that no threats or promises were made to him to induce him to enter the plea, and that his *nolo contendere* plea was voluntary. Finally, [Colon] indicated on the record that he understood the terms and effects of the *nolo contendere* plea. Indeed, the record clearly indicates that "[t]he agreement is that the sentence can't be less than 12 months but other than that the plea is open and bail is revoked today."

Trial Court Opinion, 1/13/14, at 1-2 (citations and footnote omitted).

On appeal, Colon first claims that the trial court erred in denying his motion to withdraw his *nolo contendere* plea following the trial court's judgment of sentence. Colon additionally claims that the sentence of two to five years' incarceration was manifestly excessive under the circumstances, and constituted an abuse of discretion.

When a defendant attempts to withdraw a plea of *nolo contendere*, courts apply the same legal standards that govern an attempt to withdraw a guilty plea. **Commonwealth v. Boatwright**, 590 A.2d 15, 19 (Pa. Super. 1991). Accordingly, after sentencing, a defendant may only withdraw a *nolo contendere* plea if denial of the motion to withdraw would result in manifest injustice to the defendant. **Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa. Super. 1999). To establish manifest injustice, the defendant must show, by the totality of the circumstances, that the *nolo contendere* plea was entered involuntarily, unknowingly, or unintelligently. **Commonwealth v. Kephart**, 594 A.2d 358, 360 (Pa. Super. 1991). These limitations

- 2 -

prevent defendants from using guilty and *nolo contendere* pleas as sentencing testing devices. ***Commonwealth v. Jackson***, 569 A.2d 964, 966 (Pa. Super. 1990). Further, the decision to grant a defendant's petition to withdraw a guilty plea is vested in the sound discretion of the trial court, and on appeal will be overturned only where it can be shown that the trial court abused its discretion. ***Commonwealth v. Hutchins***, 683 A.2d 674, 675 (Pa. Super. 1996).

Colon fails to establish that manifest injustice resulted from the court's denial of his motion to withdraw his *nolo contendere* plea. ***Stork***, ***supra***. The record makes it abundantly clear that Colon knew and understood the terms of the plea agreement, including the range of sentences that were within the sentencing judge's authority to impose. Prior to the plea hearing, Colon signed a ten-page plea agreement, which specified that the sentence of incarceration to be imposed could be up to fifteen years, but would not be less than one year. Further, Colon verbally confirmed his understanding of the agreement when the court conducted an extensive oral colloquy at the time Colon entered his *nolo contendere* plea. Colon asserted that he entered the agreement voluntarily and that he understood that his sentence of incarceration could not be less than one year, but otherwise was open.

While it is understandable that Colon is now disappointed with his sentence, there is nothing in the record concerning his understanding of the plea agreement tending to show manifest injustice. The sentence was above the specified minimum, but within the plea agreement's range of sentences.

Permitting Colon to withdraw his plea after receiving a harsher sentence than one for which he had hoped would allow Colon to effectuate the exact type of abuse which the manifest injustice standard is designed to prohibit. *Jackson*, *supra*. The sentencing court did not abuse its discretion in denying Colon's post-verdict motion to withdraw his plea. *Hutchins*, *supra*.

Next, despite the clear terms of the plea agreement, Colon argues that he should be permitted to withdraw his *nolo contendere* plea because it was induced by his attorney's ineffectiveness. Colon asserts that his attorney advised him to expect a sentence of no more than one year of incarceration, and that although he understood the potential sentence range specified in the plea agreement, he entered his plea believing that his attorney had bargained to ensure the minimum sentence would be imposed. Colon may not raise this claim of ineffective counsel, alone or as part of another claim, on direct appeal. Generally, claims of ineffectiveness of counsel are to be deferred for collateral review. *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). The Pennsylvania Supreme Court has specified only two exceptions where post-verdict ineffectiveness claims may be adjudicated by the trial court. First, the trial court may, at its discretion, consider distinct post-verdict claims of ineffectiveness, which from the record are both sufficiently meritorious and apparent to warrant relief. *Id.* at 577. Second, for all other post-verdict claims of ineffective counsel, such as prolix, comprehensive, or off-the-record based claims, a trial court may only entertain the claims if the defendant has expressly waived his right to PCRA

review.  *Id.* at 578.  Because review of these types of claims by the trial court differs from review at a PCRA hearing only with respect to timing, a waiver of PCRA rights ensures that the defendant will not be granted two chances to overturn his conviction on ineffectiveness grounds.  *Id.*

As the record makes clear, Colon's claim does not qualify for review under the first exception.  His ineffectiveness claim is grounded solely upon his attorney's alleged attestations concerning off-the-record conversations with Colon.  Under these circumstances, the trial court was correct to conclude that a PCRA hearing was the appropriate venue for attempting to establish ineffectiveness of counsel.  Further, because the record establishes that Colon affirmed his understanding of the terms of the plea agreement, including the ability of the trial judge to impose a sentence beyond the minimum one year of incarceration specified therein, Colon's claim of personal misunderstanding is not sufficiently meritorious and warrants no relief.

Nor does the second exception apply here.  Colon has not waived his right to PCRA review, and he retains the right to raise a claim of ineffective assistance of counsel on collateral appeal.  Therefore, we are not permitted to review his claim on direct appeal.[2]  Accordingly, the trial court did not

---

[2] In refusing to review Colon's ineffectiveness claim, we imply nothing concerning the merits of his claim.

abuse its discretion, and we affirm the denial of Colon's motion to withdraw his *nolo contendere* plea.

Colon additionally claims that the sentence imposed was manifestly excessive under the circumstances. Specifically, he asserts that the trial court abused its discretion by imposing a sentence that exceeded the aggravated range of the sentencing guidelines by six months without giving sufficient reasons for the divergence. We disagree.

Before this Court may hear an appeal concerning the discretionary aspects of sentencing, an appellant must: (1) file a timely notice of appeal; (2) properly preserve the issue at sentencing or in a motion to reconsider and modify sentencing; (3) provide in his brief a concise statement of the reasons relied upon for relief, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f); and (4) present a "substantial question" as to whether the sentence appealed from is not appropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b); **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa. Super. 2008).

Colon satisfies all four requirements. Contrary to the trial court's assertion, Colon presents a substantial question by alleging that the trial court imposed a sentence exceeding the sentencing guidelines without specifying sufficient reasons for the deviation. **Commonwealth v. Holiday**, 954 A.2d 6, 10 (Pa. Super. 2008). We therefore proceed to review the discretionary aspects of Colon's sentence.

Sentencing is vested in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. ***Commonwealth v. Shaffer***, 722 A.2d 195, 198 (Pa. Super. 1998). Deference is accorded to a trial court's selection of sentencing alternatives because it is best positioned to weigh and assess the nature of the crime, the defendant's character, and other mitigating or aggravating circumstances. ***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003). In selecting an appropriate length of confinement, the court should fashion a punishment that is consistent with "protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In a sentencing challenge, the appellant carries the burden of establishing, by reference to the record, that the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006). Where a sentencing court imposes a sentence that exceeds the sentencing guidelines, the sentence will be affirmed unless the appellate court finds the sentence to be unreasonable. ***Commonwealth v. Gibson***, 716 A.2d 1275, 1277 (Pa. Super. 1998); Pa.C.S. § 9781(3).

Colon's discretionary aspect of sentencing claim fails. The trial court stated on the record that it had received and reviewed the pre-sentencing report, which contained the mitigating factors that Colon alleges the trial

court failed to consider, such as Colon's age, lack of a prior record, education, family history, and prior service in the military. Also included in the pre-sentencing report was the recommendation of his probation officer, which the court noted and considered in fashioning the sentence. Further, the trial court specified the factor justifying imposition of a sentence exceeding the aggravated range of the sentencing guidelines: to wit, that Colon had nine bags of heroin and sixty-six clear bags in his shoe upon returning to the Lehigh County Work Release Facility. It was certainly permissible for the court to consider the nature and circumstances of Colon's crime in fashioning his sentence.

Colon's assertion that the sentence entirely negated the effect of the plea agreement is meritless. Colon's plea agreement provided for a minimum sentence of at least 12 months' incarceration, and the sentence imposed was consistent with that agreement.

For the foregoing reasons, we conclude that under the circumstances it was not unreasonable for the judge to impose a sentence of two to five years' incarceration. *Gibson*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2014