J-S55030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON WILLIAM GROVER, | |
| Appellant | No. 440 WDA 2015 |

Appeal from the Judgment of Sentence Entered August 12, 2014
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000055-2013

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED SEPTEMBER 29, 2015**

Appellant, Brandon William Grover, appeals from the judgment of sentence of an aggregate term of 3 to 6 years' imprisonment, imposed after he pled guilty to aggravated assault, accidents involving death or personal injury, and recklessly endangering another person. Appellant asserts that the trial court abused its discretion in denying his post-sentence motion to withdraw his guilty plea. We affirm.

The trial court summarized the relevant facts and procedural history in its Pa.R.A.P. 1925(a) opinion as follows:

> On January 30, 2013[,] charges, being 19 counts including 4 felonies, were filed against [Appellant] concerning an incident where it is alleged that [Appellant] did strike two individuals with his vehicle. On August 12, 2014, after being scheduled for jury

---

[*] Retired Senior Judge assigned to the Superior Court.

selection on several occasions, [Appellant] pled guilty to Count 3 – Aggravated Assault; Count 5 – Accidents Involving Death or Personal Injury[;] and Count 11 – Recklessly Endangering Another Person. Also on August 12, 2014, [Appellant] was sentenced in accordance with his binding Plea Agreement with an agreed upon sentence of 3-6 years of incarceration. The sentence[,] which was reduced to a written Order of Sentence[,] was signed on August 13, 2014, and filed on August 14, 2014.

Subsequently on August 14, 2014, [Appellant] filed a Motion Challenging the Validity of Guilty Plea alleging that Defense Counsel, Daniel Stefanides[,] and the District Attorney, Andy Watson[,] coerced him into entering a guilty plea. Attorney Stefanides filed a Motion to Withdraw at the same time as [Appellant's] Motion Challenging the Validity of [ ] Guilty Plea.

On November 12, 2014[,] Attorney Richard McCoy was appointed to represent [Appellant] in the Motion Challenging the Validity of Guilty Plea. On December 12, 2014[,] argument was heard on both the Motion Challenging the Validity of Guilty Plea and the Motion to Withdraw. Attorney Stefanides was granted leave to withdraw. [Appellant] provided testimony as to the reasoning behind his decision to enter a Plea. [Appellant] reported that prior to entry of the Plea, [ ] he discussed the case with the District Attorney and his Attorney, Dan Stefanides[,] and that his counsel advised him that he could be facing 15 to 30 years of incarceration if he did not accept the Plea. Thereafter, [Appellant] acknowledged that he signed a binding Plea which included a sentence of 3-6 years of incarceration. [Appellant] admits that he understood the 3-6 year recommended sentence. [Appellant] testified that he obtained his GED and attended some education through Boces in NY. The Court engaged with [Appellant] in an extensive colloquy at the time of the Plea proceeding and [Appellant] acknowledged that his Plea was knowing and voluntary.

[Appellant's] former counsel, Daniel Stefanides[,] testified that he met [Appellant] at the jail on Friday, August 6, 2014[,] to discuss the Plan. Attorney Stefanides reported that he had advised [Appellant] they could go to trial if he desired to do so. Additionally, Mr. Stefanides advised [Appellant] that the Plea would result in three of the felonies being *nolle prossed*. Attorney Stefanides testified that he reviewed the Plea documents with [Appellant] line by line. Attorney Stefanides report[ed] that [Appellant] never made any mention that he felt

coerced and Counsel was not aware of any threats being made to [Appellant]. The Court finds Attorney Stefanides credible and [Appellant] to no[t] be credible based upon the testimony and the contents of the Plea and Sentencing hearings.

Trial Court Order (TCO), 2/11/15, at 1-2 (unpaginated).

The trial court denied Appellant's motion challenging the validity of his guilty plea by order of court dated February 5, 2015. Appellant timely filed a notice of appeal on March 6, 2015, followed by a timely court ordered statement of errors complained of on appeal. Appellant now presents one issue for our review: "Did the trial court err in denying [Appellant's] post-sentence motion to withdraw his guilty plea because [Appellant] testified that he felt coerced into entering his guilty plea and was denied the opportunity to discuss extraneous issue[s] during his allocution?" Appellant's Brief at 2.

We begin by noting the standard for withdrawal of a guilty plea, which we previously explained in detail as follows:

> [A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court. **Commonwealth v. Hutchins**, 453 Pa. Super. 209, [212,] 683 A.2d 674, 675 (1996). In the seminal case of **Commonwealth v. Forbes**, 450 Pa. 185, 299 A.2d 268 (1973), the Supreme Court set forth the standard for determining when a motion to withdraw a guilty plea prior to sentencing should be granted. The Court stated that "although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing … should be liberally allowed." 450 Pa. at 190, 299 A.2d at 271. The Court then outlined the now well-established two prong test for determining when to grant a pre-sentence motion to withdraw a plea: (1) the defendant has provided a "fair and just reason" for withdrawal of his plea; and (2) the

- 3 -

Commonwealth will not be "substantially prejudiced in bringing the case to trial." *Id.*

The standard for withdrawal of a guilty plea after imposition of sentence is much higher; a "showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." ***Commonwealth v. Carpenter***, 555 Pa. 434, 454, 725 A.2d 154, 164 (1999) (quoting ***Commonwealth v. Shaffer***, 498 Pa. 342, 346, 446 A.2d 591, 593 (1982)). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa. Super. 1999) (citation omitted).

***Commonwealth v. Muhammad***, 794 A.2d 378, 382-383 (Pa. Super. 2002). As we explained in ***Muhammad***, the higher "manifest injustice" standard is applied to a post-sentence withdrawal of a guilty plea in an effort to discourage the entrance of a plea as a "sentence testing device." *Id.* We further note that "disappointment by a defendant in the sentence actually imposed does not represent manifest injustice." *Id.*

Here, Appellant asserts that he "suffered a manifest injustice in this case" because he was pressured by his attorney to enter into a guilty plea based on the false assurance that he would have the right to read a prepared statement to the court. Appellant's Brief at 7. Appellant claims that, instead, the court prevented him from reading his entire statement, thereby denying him a full and complete opportunity to exercise his right of allocution. *Id.*

As explained by the trial court in its Rule 1925(a) opinion:

On the same date as the Plea, being August 12, 2014, [Appellant] was sentenced in conformity with the binding Plea Agreement. During that proceeding[, Appellant] read a portion of a written statement to the [c]ourt. The subject of the

- 4 -

statement was [Appellant's] other case (47 of 2013) and [Appellant's] belief that Judge Leete who was presiding over that case should recuse himself. The [c]ourt informed [Appellant] that it was only considering matters pertinent to the present case. [Appellant] then indicated that for the present case he was satisfied with his Plea, satisfied with his attorney's representation, and that he understood his Plea. [Appellant] then indicated there was nothing else the [c]ourt needed to know about [Appellant] or his life prior to sentencing. When asked if they had any questions regarding the sentence of the [c]ourt[,] both Defense Counsel and [Appellant] indicated that they did not.

TCO at 4 (unpaginated).

In order to establish manifest injustice, Appellant must show that his plea was entered into involuntarily, unknowingly, or unintelligently. To ascertain whether Appellant entered his plea in such a manner,

we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Id.* at 383-384 (internal quotation marks and citations omitted).

The record clearly reflects a guilty plea colloquy by the trial court addressing all of the aforementioned areas. *See* N.T. Plea/Sentencing Hearing, 8/12/14, at 2-7. Moreover, the record indicates that the trial court specifically asked Appellant regarding his guilty plea: "Now, have you had enough time to fully discuss this matter, and is your decision something that you've reached and you believe it is a knowing and voluntary decision?" *Id.*

at 6. Appellant responded, "Yes." *Id.* It was not until the hearing on the post-sentence motion to withdraw his guilty plea that Appellant claimed to have been coerced into accepting the guilty plea. N.T. Post-Sentence Motion Hearing, 3/16/15, at 2. "[O]ne is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements." *Muhammad*, 794 A.2d at 384. *See also Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996). Additionally, Appellant's former counsel, Attorney Stefanides, stated during the plea proceeding that he believed Appellant's guilty plea to be a knowing and voluntary decision. N.T. Plea/Sentencing Hearing at 7. The trial court found Attorney Stefanides' testimony to be credible. TCO at 2 (unpaginated).

At the hearing on Appellant's post-sentence motion, Attorney Stefanides further testified that he went over the plea agreement with Appellant line by line, Appellant seemed to understand the agreement, and Appellant never complained about feeling coerced into entering the plea agreement. N.T. Post-Sentence Motion Hearing at 23-24. Moreover, the trial court indicated that during the post-sentence motion hearing, it "did not find [Appellant] to be credible when he testified that his counsel and the Commonwealth coerced him into entering a guilty plea. No mention of said coercion was made at the time of the Plea Sentencing proceedings." TCO at 4 (unpaginated). "On issues of credibility … an appellate court defers to the findings of the trial judge, who has had the opportunity to observe the

proceedings and demeanor of the witnesses." ***Commonwealth v. Cunningham***, 805 A.2d 566, 572 (Pa. Super. 2002).

We disagree with Appellant's assertion that he suffered a "manifest injustice" because the trial court prevented him from reading his prepared statement in its entirety at the sentencing hearing. As we noted in ***Commonwealth v. Jacobs***, 900 A.2d 368 (Pa. Super. 2006), "[a]llocution is governed by Pa.R.Crim.P. 704(C)(1), which states: At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument *relative to sentencing*." ***Commonwealth v. Jacobs***, 900 A.2d at 375. (internal quotations omitted and emphasis added). "The significance of allocution lies in its potential to sway the court toward leniency prior to imposition of sentence." ***Commonwealth v. Hague***, 840 A.2d 1018, 1020 (Pa. Super. 2003).

Although Pennsylvania courts have not specifically addressed the limits of the right to allocution, the Third Circuit provided the following guidance in ***U.S. v. Ward***, 732 F.3d 175 (3d. Cir. 2013):

> Under existing jurisprudence, the defendant's right of allocution is not unlimited. The sentencing judge has always retained the discretion to place certain restrictions on what may be presented during an allocution. … [A] sentencing judge may impose procedural limitations during an allocution, so long as the judge personally addresses the defendant and offers him the opportunity to address the court before the sentence is pronounced.

***Id.*** at 182-183. (internal citations omitted).

Here, the trial court did give Appellant the opportunity to read his prepared statement prior to sentencing. *See* N.T. Plea/Sentencing Hearing at 7. However, Appellant's statement focused primarily on a separate prior case and his grievances with the prior judge. *Id.* at 18-19. The presiding trial court judge interrupted Appellant to explain to him that he was not sentencing him based on what happened in the prior case and that there were other avenues by which he could pursue his claims against the prior judge. *Id.* at 19-21. The court then inquired whether there was anything Appellant wanted the court to know about himself or whether there were changes he wanted to make in his life that would affect the court's determination regarding his sentence. *Id.* Even after Appellant responded by continuing to reference the prior case, it is clear by the following colloquy that the trial court attempted to give Appellant every chance to exercise his right of allocution:

> THE COURT: … Just talking about this case, my understanding is you're satisfied with your plea today in this matter, you're satisfied with your attorney in this matter, you understand this plea, all of that is true, is that correct?
>
> [APPELLANT]: Yes.
>
> THE COURT: Is there anything else I should know about you, [Appellant], about your life, about what you want to do with your life that would be important to me in making decisions on this case?
>
> [APPELLANT]: No, Your Honor.

N.T. Plea/Sentencing Hearing at 21-22.

After careful review of the record, we conclude that Appellant failed to demonstrate that his guilty plea was entered in an involuntary, unknowing, or unintelligent manner. Therefore, he did not establish the manifest injustice necessary for the post-sentence withdrawal of his guilty plea. Accordingly, the trial court did not err in denying Appellant's motion to withdraw his plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015