J-S16027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ASHARIF TANSMORE | |
| Appellant | No. 1641 EDA 2015 |

Appeal from the Judgment of Sentence April 24, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003141-2014

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                          **FILED APRIL 14, 2016**

Asharif Tansmore appeals from the judgment of sentence imposed on April 24, 2015, in the Court of Common Pleas of Northampton County, following his open guilty plea to single counts of simple assault and conspiracy to commit receiving stolen property.[1]  Tansmore received an aggregate sentence of 18 – 60 months' incarceration.  After discovering his co-defendant, Khalfani Lassiter, received a sentence of time served,[2] Tansmore sought to withdraw his guilty plea.  The motion to withdraw his guilty plea was denied.  This timely appeal followed.  Tansmore has raised two issues, he claims (1) the trial court abused its discretion in denying his

_____

[1] 18 Pa.C.S. §§ 2701(a)(1) and 903(c)/3925(a), respectively.

[2] The record is silent as to how long that was.

motion to withdraw his plea where his co-defendant was informed the victims were unavailable to testify, and (2) it is manifestly unfair to be treated differently from his co-defendant, when both pled guilty to the same criminal episode. Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Our standard of review for the denial of a post-sentence motion to withdraw guilty plea is well settled:

> We begin with the principle that a defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court. **Commonwealth v. Hutchins**, 453 Pa.Super. 209, 683 A.2d 674, 675 (1996). In the seminal case of **Commonwealth v. Forbes**, 450 Pa. 185, 299 A.2d 268 (1973), the Supreme Court set forth the standard for determining when a motion to withdraw a guilty plea prior to sentencing should be granted. The Court stated that "[a]lthough there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing ... should be liberally allowed." 450 Pa. at 190, 299 A.2 at 271. The Court then outlined the now well-established two prong test for determining when to grant a pre-sentence motion to withdraw a plea: (1) the defendant has provided a "fair and just reason" for withdrawal of his plea; and (2) the Commonwealth will not be "substantially prejudiced in bringing the case to trial." *Id.*
>
> The standard for withdrawal of a guilty plea after imposition of sentence is much higher; a "showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." **Commonwealth v. Carpenter**, 555 Pa. 434, 454, 725 A.2d 154, 164 (1999) (*quoting* **Commonwealth v. Shaffer**, 498 Pa. 342, 346, 446 A.2d 591, 593 (1982)).

**Commonwealth v. Muhammad**, 794 A.2d 378, 382-83 (Pa. Super. 2002).

Here, Tansmore claims Lassiter, who entered into a negotiated guilty plea after Tansmore pled guilty and was sentenced, was given a lesser

sentence because the Commonwealth admitted that the complaining witnesses lived in New York State and were unavailable for trial. Tansmore argues had he been informed of the Commonwealth's inability to produce the complaining witnesses, he would not have pled guilty.

A hearing was held on Tansmore's motion to withdraw guilty plea on April 24, 2015. However, he produced no evidence supporting his allegation regarding the complaining witnesses being unavailable. City of Bethlehem Police Detective Moses Miller was called to testify on cross-examination.[3] He testified that while the complaining witnesses were not present in court at Tansmore's guilty plea, they had been present at every prior court event, specifically, Tansmore's October 9, 2014 preliminary hearing and two preliminary hearings for Lassiter. *See* N.T. Hearing 4/24/2015, at 6-8. Further, Detective Miller testified the complaining witnesses never indicated an unwillingness to proceed with the prosecution of the matter. Accordingly, the trial court rejected Tansmore's claim and found no manifest injustice to warrant permission to withdraw his guilty plea, post-sentence. Our review of the certified record leads us to conclude the trial court committed no abuse of discretion or error of law.

---

[3] Tansmore's counsel stated to the trial court that he attempted to locate codefendant Lassiter, but could not. Accordingly, Tansmore sought to prove his allegation by calling Detective Miller, who had been in charge of the investigation.

Tansmore's second argument, that he suffered a manifest injustice by receiving a greater sentence than his codefendant is not developed. There is no citation to either the law or to the certified record, only the unsupported assertion that the "discrepancy in treatment of these two men is inherently unfair." **See** Appellant's Brief at 8. Although the trial court did appear to accept the assertion that Lassiter received a lesser sentence, the record is devoid of any evidence of the sentence imposed on Lassiter. Accordingly, this claim is waived. Nevertheless, there is no requirement that codefendants be given identical sentences. ***See Commonwealth v. Mastromarino***, 2 A.3d 581 (Pa. Super. 2010).

In light of the foregoing, Tansmore is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2016