J-S22008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KHALIL WALKER, | |
| Appellant | No. 3458 EDA 2016 |

Appeal from the Judgment of Sentence Entered September 30, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002774-2015

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 25, 2018**

Appellant, Khalil Walker, appeals from the judgment of sentence of an aggregate term of 30-60 years' incarceration, following his guilty plea to third-degree murder and related offenses.  Appellant's sole claim on appeal is that the trial court abused its discretion when it denied his pre-sentence motion to withdraw his guilty plea.  After careful review, we affirm.

The facts underlying Appellant's conviction are not germane to this appeal.  The trial court set forth the relevant procedural history of this case as follows:

> On April 26, 2016, [Appellant] entered an open guilty plea before this court to charges of third-degree murder, robbery, burglary, arson, possession of an instrument of crime[,] and conspiracy.  A pre-sentence report and a mental health evaluation were ordered and sentencing was scheduled for June 27, 2016.

---

[*] Retired Senior Judge assigned to the Superior Court.

> On June 27, 2016, [Appellant] requested a continuance until July 15, 2016. However, on July 14, 2016, [Appellant] filed a motion to withdraw his guilty plea. The motion was heard on July 15, 2016[,] and a bifurcated evidentiary hearing was held on August 1, 2016 and August 25, 2016. [Appellant]'s motion to withdraw his guilty plea was denied on September 26, 2016. On September 30, 2016, [Appellant] was sentenced to an aggregate term of not less than thirty (30) years nor more than sixty (60) years of state incarceration. A notice of appeal was filed on October 20, 2016. On November 1, 2016, this court ordered [Appellant] to file a [Pa.R.A.P. 1925(b)] statement…. [Appellant] filed his statement … on November 22, 2016.

Trial Court Opinion (TCO), 6/30/17, at 1. The trial court subsequently filed its Rule 1925(a) opinion on June 30, 2017.

Appellant now presents the following question for our review: "Whether the denial of [Appellant]'s application of the withdrawal of his presentence guilty plea constitutes an abuse of discre[]tion[?]" Appellant's Brief at 4.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Sandy L.V. Byrd, we conclude that the trial court did not abuse its discretion when it denied Appellant's motion to withdraw his guilty plea. The trial court opinion comprehensively discusses and properly disposes of the question presented. **See** TCO at 2-6. Accordingly, we affirm based on the reasons set forth in the trial court's opinion.

Judgment of sentence **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA     :     CP-51-CR-0002774-2015

v.



CP-51-CR-0002774-2015 Comm. v. Walker, Khalil
Opinion

KHALIL WALKER     7968747921     UPERIOR COURT

## OPINION

Byrd, J.                                                 June 30, 2017

On April 26, 2016, Khalil Walker entered an open guilty plea before this court to charges of third-degree murder, robbery, burglary, arson, possession of an instrument of crime and conspiracy. A pre-sentence report and a mental health evaluation were ordered and sentencing was scheduled for June 27, 2016. On June 27, 2016, defendant requested a continuance until July 15, 2016. However, on July 14, 2016, defendant filed a motion to withdraw his guilty plea. The motion was heard on July 15, 2016 and a bifurcated evidentiary hearing was held on August 1, 2016 and August 25, 2016. Defendant's motion to withdraw his guilty plea was denied on September 26, 2016. On September 30, 2016, defendant was sentenced to an aggregate term of not less than thirty (30) years nor more than sixty (60) years of state incarceration. A notice of appeal was filed on October 20, 2016. On November 1, 2016, this court ordered defendant to file a statement of matters complained of on appeal. Defendant filed his statement of matters complained of on appeal on November 22, 2016.

**FILED**

JUN 3 0 2017

Appeals/Post Trial
Office of Judicial Records

1

Defendant raises the following issue in his statement of matters complained of on appeal:

The Court erred by denying Appellant's pre-sentence request to withdraw his guilty plea.

There is no absolute right to withdraw a guilty plea; the decision to grant the motion lies within the sound discretion of the trial court. *Commonwealth v. Hutchins*, 683 A.2d 674, 675 (Pa. Super. 1996). When a defendant moves to withdraw a guilty plea before imposition of sentence, the trial court's discretion is to be administered liberally in favor of the accused and any demonstration by a defendant of a "fair and just reason" will suffice to support a grant unless withdrawal would be a substantial prejudice to the Commonwealth. *Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973). In contrast, a "showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified" after a sentence has been imposed. *Commonwealth v. Carpenter*, 725 A.2d 154, 164 (Pa. 1999) (quoting *Commonwealth v. Shaffer*, 446 A.2d 591, 593 (Pa. 1982)).Until recently, the common pleas courts understood these general statements to mean that the Supreme Court required acceptance of a bare assertion of innocence as a fair and just reason for withdrawal of a guilty plea before imposition of sentence.

However, the Supreme Court has since clarified the matter: "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1285 (Pa. 2015). Further, the "proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* at 1292. Indeed, even before *Carrasquillo*, the Superior Court held "that the innocence assertion could be discredited, but only where the record plainly demonstrates an ulterior motive and not where such motive must be inferred." *Commonwealth v. Tennison*, 969 A.2d 578 (Pa.

2

Super. 2009). While the standard for a guilty plea withdrawal following imposition of sentence has remained unchanged, the standard for a guilty plea withdrawal prior to sentencing is now understood to be more stringent in the wake of *Carrasquillo*. Trial judges must evaluate the record to balance what promotes fairness and justice with the prejudice granting the motion would cause the Commonwealth.

Here, defendant has not presented a fair and just reason as to why his motion should be granted. While he claims innocence and that his guilty plea was not entered into knowingly, intelligently, and voluntarily that is not supported by the record. Further, the prejudice to the Commonwealth, as evidenced by defendant's phone calls and testimony from the evidentiary hearing, would be substantial.

First, defendant attempts to justify his motion by an assertion of innocence. However, as stated above, "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." Indeed, the innocence assertion can be discredited where the record plainly demonstrates an ulterior motive. *Tennison*, 969 A.2d at 578. In the instant case, the record plainly demonstrates an ulterior motive, to wit, entering the guilty plea to avoid proceeding to trial before a jury he did not like, then attempting to withdraw the guilty plea after obtaining a preview of the Commonwealth's evidence and ascertaining the sentence the prosecutor was seeking.

At the evidentiary hearing, when asked if the reason he was withdrawing his guilty plea was the length of the sentence that the Commonwealth was seeking, he responded "That, and that I'm not guilty." N.T., 8/1/2016, at 39. However, during the oral guilty plea colloquy, defendant agreed to the factual predicate offered by the prosecutor and stated that he was guilty as charged:

3

> The Court: Mr. Walker, did you hear the summary just offered?
> The Defendant: Yes.
> The Court: Is that a fair account of what happened?
> The Defendant: Yes.
> The Court: Are those the facts you are pleading guilty to?
> The Defendant: Yes.
> The Court: Are you pleading guilty because you are guilty?
> The Defendant: Yes.

N.T., 4/26/2016, at 64.

Further, defendant only entered his guilty plea after a jury had been selected. Defendant stated during a phone call to a friend who had asked if his reason for fearing he was going to jail was the jury:

> Yeah, the jury. It seems like -- it seems like all 60 people was nutty. They all liked the DA. I don't know what was going on. Then it seems like the judge was, like, on some racist shit. He like the white people more than the black people and he black himself. Shit's crazy.

Commonwealth's Exhibits C-3 and C-4, admitted into evidence N.T., 8/25/2016, at 53.

Although this was an open guilty plea, defendant was offered an opportunity 'help himself' by cooperating with the Commonwealth and providing information against his co-conspirators in a proffer session. N.T., 4/26/2016, at 15-20. This he declined to do. Indeed, Detective James Pitts testified that defendant was "trying to get more information than give information at the proffer session." N.T. 8/1/2016, at 52, 55, 67. Thus, having failed to cooperate with the Commonwealth, defendant lost the opportunity to have the prosecutor request a favorable sentence, and was bound to an open plea.

Where a defendant enters a guilty plea and then attempts to withdraw it after a jury has been selected, as in this case, the motion "might be a means of obtaining an entirely new jury for a defendant anytime he feels that the jury originally selected is not favorably disposed to his cause, even though there were no grounds for a mistrial." *Commonwealth v. Morales*, 305 A.2d 11, 13 (Pa. 1973).

4

Further, the evidence does not support defendant's claim of innocence. Detectives James Pitts and Frank Mullen testified at the evidentiary hearing that defendant had never asserted his innocence prior to filing his motion. N.T., 8/1/2016, at 56-57, 59; N.T., 8/25/2016, at 21-22. Thus, defendant's claim of innocence is not a fair and just reason for withdrawal of his guilty plea.

Second, defendant claims that he did not knowingly, intelligently and voluntarily tender his guilty plea. This claim is plainly contradicted by the sworn testimony defendant gave at the time he entered the guilty plea. Defendant was given both an oral and a written colloquy, after which this court found his guilty plea was entered into knowingly, intelligently and voluntarily. Further, defendant acknowledged his guilt under oath in open court. N.T., 4/26/2016, at 37. Defendants are bound by statements made during a plea colloquy, and may not successfully assert claims that contradict such statements. *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996); *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, this claim is also baseless and will not support a motion to withdraw the guilty plea.

There is no requirement to address the issue of prejudice to the Commonwealth, where as here, there is no fair and just reason for withdrawal of the guilty plea. *Carrasquillo*, 115 A.3d at 1293 n.9. However, the Commonwealth would be substantially prejudiced by the withdrawal of the guilty plea. Defendant has not only secured a preview of the Commonwealth's evidence against him, but more importantly, he has caused the dismissal of a jury he did not like. Even where there is a fair and just reason for withdrawal, it should still not be granted if it would substantially prejudice the Commonwealth. *Commonwealth v. Prendes*, 97 A.2d 337, 352 (Pa. Super. 2014). Prejudice only requires that the Commonwealth show that it would be in a worse position than it would have been had trial taken places as scheduled due to events occurring after the plea. *Id.* The timing of defendant's motion meant that the jury selected would not hear the

5

case. This places the Commonwealth in a worse position than it would have been had the trial taken place as scheduled.

Accordingly, for the foregoing reasons, the denial of defendant's motion to withdraw his guilty plea should be AFFIRMED.

BY THE COURT:

SANDY L.V. BYRD       J.

6