J-S68022-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEITH VERNON DAVIS | : | |
| Appellant | : | No. 265 WDA 2018 |

Appeal from the Judgment of Sentence December 21, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000474-2017

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    FILED FEBRUARY 19, 2019

Appellant, Keith Vernon Davis, appeals from the Judgment of Sentence of 90 to 180 months' incarceration imposed after he entered a negotiated guilty plea to two offenses involving the sexual abuse of a minor.  He challenges the trial court's denial of his pre-sentence Motion to Withdraw his Guilty Plea, arguing that he made a plausible claim of innocence with an alibi. After careful review, we affirm.

We glean the relevant facts from the certified record.  On February 2017, investigators from the Johnstown Police Department interviewed the minor victim, then 16 years old, after she reported that she had been physically and sexually abused by Appellant, her mother's paramour, while her mother either participated in the abuse or refused to stop Appellant's actions.  The victim stated that the abuse happened numerous times during the summer and fall months of 2016.  See N.T. Prelim. Hr'g, 3/16/17.

_____
* Former Justice specially assigned to the Superior Court.

The Commonwealth charged Appellant with eight offenses, including Rape and Aggravated Indecent Assault of a Person less than 16 years of age.[1] The court appointed Arthur McQuillan, Esq. to represent Appellant.

At Appellant's preliminary hearing, the victim testified in detail regarding the numerous assaults and other charged offenses. See N.T. Prelim. Hr'g, 3/16/17, at 4-19 (Commonwealth's direct examination), 19-41 (Appellant's cross-examination). The court held the matter for trial. The Commonwealth filed a Criminal Information on April 24, 2017, alleging that the offenses occurred between June 1, 2016 and October 31, 2016.

In July 2017, the court granted the Commonwealth's request to continue the trial to October 2017 because DNA results would not be available until August 14, 2017.

On September 19, 2017, after learning that the victim's DNA was found on one of Appellant's sex toys and that the victim's mother would be testifying against him at trial, Appellant entered a negotiated guilty plea to one count each of Involuntary Deviate Sexual Intercourse and Aggravated Indecent Assault, with a term of 7½ to 15 years' incarceration.[2] The court conducted a thorough colloquy in which Appellant indicated that "he fully understood what he was doing, that no threats were made to him, that he was satisfied

_____

[1] The Commonwealth also charged the victim's mother (Appellant's co-defendant), with similar offenses and she ultimately pled guilty pursuant to a plea agreement.

[2] The remaining charges were nolle prossed.

with [plea counsel's] work, and that he was entering his plea voluntarily." Tr. Ct. Op., filed 4/10/18, at 6, citing N.T. Plea, 9/19/17. The court accepted the guilty plea, ordered a pre-sentence investigation, and scheduled sentencing for December 21, 2017.

On September 25, 2017, six days after entering the plea, Appellant filed a pro se Motion to Withdraw Guilty Plea and Proceed Pro Se, which the court forwarded to Appellant's counsel. In the filing, Appellant contended that he entered the plea under duress because his attorney told him that his co-defendant/paramour would get no jail time if Appellant pled guilty. He also contended that counsel pressured him into entering the guilty plea by telling him that the Hon. Norman Krumenacker, who was sitting on the bench on September 19, 2017, would be more likely than the Hon. Tamara Bernstein to agree to the negotiated term of 7½ to 15 years' incarceration.

On October 2, 2017, Appellant's plea counsel filed a Motion, asking the court to hold a hearing on Appellant's Motion to Withdraw Guilty Plea and Proceed Pro Se.

On October 30, 2017, the court held a hearing at which Appellant testified. Appellant stated that he entered his guilty plea while he was "disheveled and disoriented" after his attorney told him that he had to agree to plead guilty that day so his co-defendant would get a lenient sentence and she would not have to testify against him. N.T. Plea Withdrawal, 10/30/17, at 6. He also asserted that he has stood by his claims of "innocence these whole eight months regardless of what [counsel] has brought by or told me [

- 3 -

] they have found because I am innocent." Id. at 11. In support of this claim of innocence, Appellant asserted that copies of Orders from the Juvenile Dependency Court entered August 17, 2016, October 12, 2016, and October 19, 2016, placed the victim "outside of his house" and would be "favorable to my facing my accuser." Id. at 8, 11.

Appellant's plea counsel stated that the negotiated sentence fell "towards the low end" of the standard range of the sentencing guidelines and noted that, pursuant to the applicable statutory provisions, Appellant could have received a term of 20 years' incarceration on each count if found guilty after a trial.[3] Id. at 4. Plea counsel opined that, based on his thirty years of criminal defense practice, he believed "the plea bargain was reasonable." Id. at 5. Counsel noted that he had met with Appellant at least five times before Appellant entered the plea and that he had "discussed [the plea] at length with [Appellant]." Id. at 4.[4]

The Commonwealth argued that the plea came directly after Appellant found out about the victim's DNA evidence on the sex toy and soon after the

_____

[3] Appellant had a 2009 conviction for a sexual assault against a minor for which he had served a term of incarceration and had undergone sexual offender treatment while in prison. See N.T. Sentence, 12/21/17, at 3, 9.

[4] The certified record contains a copy a June 21, 2017 letter to plea counsel from the Cambria County prosecutor extending a formal offer of a guilty plea. The record also includes a letter dated July 18, 2017, from plea counsel to Appellant regarding the co-defendant's cooperation with the Commonwealth, her statement against Appellant, and her willingness to testify against him. Counsel indicated in that letter that "the time to strike a plea bargain might be now before the DNA results come back." See Def. Exh. 1 and 2.

co-defendant offered to testify against him. The Commonwealth argued it would be prejudiced by the plea withdrawal because it had stopped further DNA testing to match Appellant's DNA to the sex toys after Appellant pled guilty.

The court denied the Motion, concluding that, "as a matter of law," Appellant's Motion to Withdraw the Plea "is absolutely frivolous." Id. at 16. The court also denied Appellant's request for Attorney McQuillan's dismissal.

On December 21, 2017, the court sentenced Appellant to the negotiated aggregate term of 7½ to 15 years' incarceration. On December 26, 2017, Appellant filed a counseled Post-Sentence Motion to Modify Sentence, which the court denied on January 31, 2018.

Appellant filed a Notice of Appeal on February 6, 2018. Counsel filed a Motion to Withdraw as Counsel on February 8, 2018. On March 5, 2018, the court granted counsel's Motion and appointed Christy Foreman, Esq. to represent Appellant in this appeal.

Appellant and the trial court complied with Pa.R.A.P. 1925. Although Appellant raised three issues in his Rule 1925(b) Statement, in his Brief to this Court, he presents only one issue for our review: "Whether the trial court abused its discretion when it failed to allow Appellant to withdraw his guilty plea." Appellant's Brief at 6.

This Court reviews the denial of a motion to withdraw a guilty plea for an abuse of discretion. See, e.g., Commonwealth v. Carrasquillo, 115 A.3d 1284, 1293 (Pa. 2015). An abuse of discretion is more than an error in

judgment; it will not be found unless the trial court's judgment was manifestly unreasonable, or was the result of partiality, bias, or ill-will. Commonwealth v. McNabb, 819 A.2d 54, 55 (Pa. Super. 2003).

Pennsylvania Rule of Criminal Procedure 591(A) provides that, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, sua sponte, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

The following precepts inform our review of a trial court's denial of a motion to withdraw a guilty plea prior to sentencing:

> We begin with the principle that a defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court. Commonwealth v. Hutchins, 683 A.2d 674, 675 (Pa. Super. 1996). In the seminal case of Commonwealth v. Forbes, 299 A.2d 268 (Pa. 1973), the Supreme Court set forth the standard for determining when a motion to withdraw a guilty plea prior to sentencing should be granted. The Court stated that "[a]lthough there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing … should be liberally allowed." 299 A.2d at 271. The Court then outlined the now well-established two[-]prong test for determining when to grant a pre-sentence motion to withdraw a plea: (1) the defendant has provided a "fair and just reason" for withdrawal of his plea; and (2) the Commonwealth will not be "substantially prejudiced in bringing the case to trial." Id.

Commonwealth v. Muhammad, 794 A.2d 378, 382–83 (Pa. Super. 2002).

In 2015, the Pennsylvania Supreme Court in Carrasquilla, supra, further clarified the inquiry that must be made when considering a pre-sentence attempt to withdraw a plea based on a claim of innocence. It held

that "the proper inquiry . . . is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." Carrasquilla, 115 A.3d at 1292. Thus, a defendant seeking to withdraw his plea based on an assertion of innocence must make such a claim that is "at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." Id. "The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." Id.

The determination of whether there is a "fair and just reason" is based on the totality of the circumstances present at the time the withdrawal request is made. Commonwealth v. Tennison, 969 A.2d 572, 573 (Pa. Super. 2009). In making a determination of whether a defendant has made a plausible assertion of innocence, trial courts should consider "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence," and "any 'ulterior or illicit motive' for the motion to withdraw." Commonwealth v. Islas, 156 A.3d 1185, 1190-91 (Pa. Super. 2017) (citing Carrasquillo). See also Commonwealth v. Hvizda, 116 A.3d 1103, 1107 (Pa. 2015) (noting Carrasquillo's holding that "a bald assertion of innocence" is no longer sufficient grounds to permit withdrawal of a guilty plea, and concluding that

Hvizda's innocence assertion was "implausible" because it was unsupported by his evidence and rebutted by the Commonwealth's offer of proof.).

Here, Appellant sought to withdraw his plea alleging that he entered the plea "under duress."  The trial court concluded that Appellant's claim of innocence was not plausible, stating:

> When viewed in their totality[–]the limited evidence presented by [Appellant,] the Juvenile Court orders that only narrowed the time frame in which the offenses could have occurred but did not completely eliminate it, and particularly the Commonwealth's other available evidence, most notably the victim's DNA on Davis' sex toys[–]reveals that Davis' assertion of innocence was not plausible under the circumstances of this case.

Trial Ct. Op., filed Apr. 10, 2018, at 11.

Based on our review of the record, we conclude that the trial court did not abuse its discretion in denying Appellant's Motion to Withdraw his Guilty Plea.  Appellant's assertion that Juvenile Court Orders place the victim outside his home on certain dates that fall within the five-month timeframe in which the numerous crimes occurred does not make his assertion of innocence "colorable:"  he still had significant opportunity to commit the offenses. Moreover, the letters counsel sent to Appellant three months before the entry of his guilty plea do not support Appellant's claim that he entered the plea under duress from his counsel.  Reviewing the strength of Appellant's claim relative to the Commonwealth's evidence, including the preliminary hearing testimony, we cannot conclude that the trial court's denial of Appellant's

Motion to Withdraw his guilty plea was "manifestly unreasonable" or "the result of partiality, bias, or ill-will."  McNabb, 819 A.2d at 55.

Accordingly, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2019