372

465 A.2d 1

COMMONWEALTH of Pennsylvania

v.

**David DICKTER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1983.

Filed July 15, 1983.

Reargument Denied Sept. 23, 1983.

Petition for Allowance of Appeal Denied Feb. 8, 1984.

Robert D. Gleason, Johnstown, for appellant.

D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before SPAETH, BROSKY and MONTEMURO, JJ.

BROSKY, Judge:

The primary issue raised in this appeal is whether the lower court erred in denying appellant's motion to withdraw a plea of nolo contendere which he had entered to charges of involuntary deviate sexual intercourse[1] and indecent assault.[2] Appellant also contests the sentence imposed upon him. For the reasons that follow, we affirm.

Appellant was arrested in July, 1976, and charged with having had deviate sexual intercourse with a twelve-year old boy on two occasions in June, 1976. He was also

1. 18 Pa.C.S.A. § 3123.

2. 18 Pa.C.S.A. § 3126.

accused of having committed an indecent assault on a nine-year old boy in June, 1976.[3]

On February 16, 1977, appellant entered the nolo contendere pleas which are before us. On July 18, 1977, appellant appeared at the Cambria County Courthouse for sentencing, but absconded before sentence was imposed.

It is now known that he fled to Israel where he remained for three years. Mr. Dickter was found in Florida in October, 1980. He was returned to Cambria County apparently in late 1980 or early 1981. In August, 1981, appellant petitioned the lower court to permit him to withdraw his pleas. The petition was denied and Mr. Dickter was sentenced to consecutive terms of imprisonment of four to ten years and one to two years. These sentences were to be served consecutively to a prison sentence imposed upon appellant in New York State for a similar offense.

For purposes of our review, a plea of nolo contendere is treated the same as a plea of guilty. *Commonwealth v. Ammon*, 275 Pa.Super. 324, 418 A.2d 744 (1980).

Although appellant's petition was presented four years after he entered the pleas, it was nonetheless filed prior to the imposition of sentence. Pa.R.Crim.Procedure 320 provides:

> At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted.

Our Supreme Court recently discussed the standard to be employed in reviewing petitions to withdraw pleas that are presented prior to sentence. In *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982), the court wrote:

> The standard for allowing withdrawal of a guilty plea *prior to sentence* was articulated in *Commonwealth v. Forbes*, 450 Pa. 185, 191, 299 A.2d 268, 271 (1973) wherein we quoted with approval the following:

---

**3.** Other charges, not at issue here, were dropped.

> *"Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."* ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty....

(Emphasis in original.) Because the plea involves the simultaneous waiver of so many constitutional rights, a request to withdraw prior to sentencing is "liberally allowed." *Id.*, 450 Pa. at 190, 299 A.2d at 271; *see also, Commonwealth v. McLaughlin,* 469 Pa. 407, 366 A.2d 238 (1976).

See *Forbes, supra,* 450 Pa. at 191, 299 A.2d at 271 (the test to be applied by trial courts is fairness and justice).

In *Commonwealth v. Mosley,* 283 Pa.Super. 28, 31, 423 A.2d 427, 428 (1980), we explained,

> While a pre-sentence withdrawal request should be liberally considered, defendant must present a fair and just reason for withdrawing the plea. Even if a viable reason is asserted for withdrawal, withdrawal is only permitted if the Commonwealth has not been substantially prejudiced by reliance on the plea.

With these principles in mind, we turn to the issues before us.

Because we agree with the conclusion of the lower court that the Commonwealth would be substantially prejudiced if the plea were withdrawn, we affirm the judgment of sentence.

Although the withdrawal request was made prior to sentencing, it was made four and one-half years after the plea was entered. The crimes were committed against young boys whose ability to testify accurately, we may assume, would be substantially diminished after the passage of so long a period.

Furthermore, the delay was caused by the appellant's unlawful flight. We cannot permit him to prejudice the Commonwealth's position by his own illegal conduct.

■ We come finally to appellant's claim that he was sentenced improperly. We have reviewed the transcript of the sentencing hearing and conclude that the court did comply with the standards enunciated in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Although our review has been without benefit of an opinion by the lower court, our examination of the sentencing hearing transcript convinces us that adequate reasons were given for the sentence, which was within the statutory limits. The court explained that it considered not only the seriousness of the crimes, but the aggravating circumstances: e.g., the ages of the victims, violation of public trust since the appellant obtained access to the victims through the Big Brother program; and, the flight from jurisdiction.

Judgment of sentence affirmed.