Commonwealth v. Torres

C.P. of Berks County, no. CP-06-CR-1407/08, 3089/08.

*Adrian S. Shchuka,* for Commonwealth.
*Roarke T. Aston,* for defendant.

PARISI, *J.,* May 5, 2010—In the present appeal, the defendant contends this court erred in failing to grant his pre-sentence and post-sentence motions to withdraw guilty pleas in these dockets referenced above. The defendant's jury trial was scheduled for May 19, 2009. Prior to the parties selecting a jury, the defendant pled guilty to two counts of aggravated indecent assault[1] in docket 3089/08 and two counts of statutory sexual as-

---

1. 18 Pa.C.S. §3125(a)(1) and (a)(7).

sault[2] in docket 1407/08. The court was required to schedule sentencing at a later date in order for the defendant to undergo a Megan's Law evaluation.[3] On August 31, 2009, the defendant appeared at a Megan's Law status hearing and moved to withdraw his guilty pleas in each docket. On September 17, 2009, a hearing was held on the defendant's pre-sentence motions to withdraw his guilty pleas. On October 22, 2009, this court denied the defendant's pre-sentence motions.

On December 12, 2009, the defendant was sentenced to an aggregate term of incarceration of not less than five years nor more than 20 years. In Ddcket 1407/08, the defendant was sentenced to two consecutive terms of incarceration of not less than two and a half years nor more than 10 years. In docket 3089/08, the defendant was sentenced to two concurrent terms of incarceration of not less than five years nor more than 10 years with both sentences to run concurrent with the sentence imposed at count one of docket 1407/08. On December 23, 2009, the defendant filed post-sentence motions to withdraw his guilty pleas in each docket. On February 22, 2010, the court held a hearing on the defendant's post-sentence motions. On March 2, 2010, the court denied the defendant's post-sentence motions to withdraw his guilty pleas. On March 18, 2010, the defendant filed a notice of appeal in each docket asserting the following grounds on appeal:

"(1) The court abused its discretion in denying the defendant's pre-sentence motion to withdraw guilty plea

---

2. 18 Pa.C.S. §3122.1.

3. The sexual offender assessment board opined the defendant did not meet the criteria for a sexually violent predator.

as the defendant made a clear, uncompromised assertion of innocence.

"(2) The court abused its discretion in denying the defendant's post-sentence motion to withdraw guilty plea as the evidence before the court demonstrated that the defendant's guilty plea was not knowing, voluntary, or intelligent." Defendant's concise statement of errors complained of on appeal, April 1, 2010.

While employed as a custodian at the Gateway School for the Arts in the City of Reading, the defendant admitted having sexual intercourse with a 13 year-old female student on two separate occasions in the girls restroom between late January and early February of 2008. The defendant further admitted to touching his former girlfriend's 8 year-old daughter's genitals several times while he was alone with the girl in her mother's apartment between April 19, 2008 and May 23, 2008. Despite these admissions, at the Megan's Law status hearing and the hearings on his motions to withdraw, the defendant asserted he did not engage in the conduct underlying his guilty pleas.

The defendant's first claim on appeal is that this court abused its discretion in denying the defendant's presentence motions to withdraw his guilty pleas. The defendant contends his assertions of innocence were sufficient to permit the withdrawals under Pennsylvania law.

There is no absolute right to withdraw a guilty plea prior to sentencing and the decision to grant such a request rests within the discretion of the trial court. *Commonwealth v. Hutchins,* 453 Pa. Super. 209, 212, 683

A.2d 674, 675 (1996). To withdraw a guilty plea presentence, the defendant must show (1) a fair and just reason for the withdrawal, and (2) the Commonwealth will not be substantially prejudiced by its reliance on the plea. *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973). An assertion of innocence constitutes a fair and just reason for withdrawal of a guilty plea in the absence of substantial prejudice to the Commonwealth. *Id.* However, even when the defendant asserts a viable reason for withdrawal, withdrawal is not permitted if the Commonwealth would suffer substantial prejudice should the case be reinstated and set for trial. *Commonwealth v. Dickter,* 318 Pa. Super. 372, 375, 465 A.2d 1, 2 (1983).

Our Superior Court has consistently recognized that substantial prejudice to the Commonwealth results when defendants plead guilty to sexual offenses against young children and subsequently move to withdraw their pleas prior to sentencing, as these crimes often occur outside of the presence of other witness. The decisions acknowledge the fragile nature of the young victims and their inability to accurately recall important facts due to delays caused by the defendants significantly hinder the Commonwealth's ability to prosecute their offenders.

In *Dickter,* the defendant pled guilty to sexually assaulting two boys, ages 9 and 13. The defendant absconded before sentencing. When the defendant was finally re-arrested, he moved to withdraw his guilty plea more than four years after entering it. In affirming the lower court's denial of the defendant's request, the Superior Court reasoned that because these crimes were

committed against such young boys, it "may assume" their ability to testify accurately would be "substantially diminished" given their young age and the lengthy delay. *Id.* at 375, 465 A.2d at 2.

Similarly, in *Commonwealth v. Carr,* after pleading guilty to sexually assaulting his 5-year-old grandson, the defendant moved to withdraw his plea prior to sentencing. 375 Pa. Super. 168, 171, 43 A.2d 1232, 1233 (1988). The Superior Court affirmed the lower court's denial of the motion stating the Commonwealth suffered substantial prejudice, in part, because the "eight-month delay [between the guilty plea and the motion to withdraw] would undoubtedly have dulled the 5-year-old child victim's recall of events." *Id.* at 172, 543 a.2d at 1234.

In *Commonwealth v. Hutchins,* the Superior Court again found the Commonwealth was substantially prejudiced in its reliance on the defendant's plea due to the inability of its main witness, an adult victim of a brutal stabbing attack, to accurately recall significant facts. 453 Pa. Super. 209, 213, 683 A.2d 674, 676 (1996). After reviewing the testimony of the victim's psychologist, the Superior Court concluded the victim's memory had worsened due to the delay caused by the motion to withdraw. It further noted that subsequently testifying in court after the delay would be "very damaging" to the victim given the post-traumatic stress she suffered as a result of the incident. *Id.* Although Hutchins involved an adult victim, the Superior Court's reasoning indicates that courts must consider the nature of the particular charges involved and the emotional state of the witnesses when determining whether a key witness' inabil-

ity to accurately recall events substantially prejudices the Commonwealth.

Courts in other jurisdictions have also recognized the adverse effects of protracted criminal proceedings on the memories of young sexual assault victims when considering whether granting a motion to withdraw would substantially prejudice the prosecution. The Wisconsin Supreme Court, in *State v. Bollig,* found substantial prejudice existed stating it was reasonable to conclude the delays caused by the defendant's motion to withdraw nearly two years after incident occurred hampered the child victim's ability to recall pertinent events. 605 N.W.2d 199, 208 (2000). Additionally, in *State v. O'Neill,* the Ohio Court of Appeals (Seventh District) acknowledged that granting the defendant's motion would prejudice the state's case as the memory of the 10-year-old child victim was more likely to dim during the delay than the typical adult witness' memory. 2004 WL 2913923.

In the present case, the defendant offered a "fair and just" reason to withdraw his guilty plea prior to sentencing when he asserted his innocence at the original sentencing hearing.

This court did not abuse its discretion in denying the defendant's pre-sentence motion for withdrawal, as the Commonwealth would have suffered substantial prejudice had the defendant's request been granted. The defendant pled guilty more than one year after most of the incidents with the two victims occurred. Jury selection was about to begin. When the defendant first moved to withdraw his pleas an additional three months had passed. As in *Dickter* and *Carr,* given the victims' ages and the

nature of the charges involved in this case, the delay resulting from the defendant's motion to withdraw would "substantially diminish" their ability to recall important facts at a subsequent trial. As the Superior Court cases point out, these significant delays undoubtedly dull the memories of children victims of sexual assault and severely limit the Commonwealth's ability to prosecute their offenders.

The defendant was facing immediate trial when he decided to enter his pleas. The panel for voir dire was in the court facilities and ready to be brought up to the courtroom. The Commonwealth had presumably prepared for trial, including preparing the victim witnesses for testimony. There is trauma to victims in pretrial preparation, particularly in cases of sexual assault. This was not a situation where the defendant had proffered a plea days or weeks before trial. Under these circumstances, the risk of the victims suffering additional trauma is a further prejudice to the Commonwealth. Where there are victims who are minors, as in these cases, that is sufficient cause for denying a request to withdraw a plea. This prejudice is multiplied as there are multiple victims in these matters.

Moreover, by scheduling the Megan's Law proceedings prior to the defendant's original sentencing hearing, the imposition of his sentence was delayed in excess of three months from the date of his pleas. This afforded the defendant ample time to file pre-sentence motions to withdraw prior to his original sentencing hearing and thereby mitigate the impact of any delay on the victims' memories. Despite this gap, the defendant did not request

to withdraw his plea until the time of sentencing. As discussed above, this delay aggravated the prejudice to the Commonwealth as it increased the likelihood that the child victims would be unable to accurately remember important facts. Therefore, this court did not abuse its discretion in denying the defendant's pre-sentence motions to withdraw his guilty pleas, as the delay caused by the defendant substantially prejudiced the Commonwealth.

The defendant's next claim on appeal is that the court erred in denying his post-sentence motions to withdraw his guilty pleas as the defendant's pleas were not knowing, voluntary, and intelligent.

There remains no absolute right to withdraw a guilty plea once sentence has been imposed. Comparable to a pre-sentence request to withdraw a guilty plea, the decision to allow a defendant to withdraw their plea post-sentence is a matter which rests within the sound discretion of the trial court. *Commonwealth v. Muhammad,* 794 A.2d 378, 382 (Pa. Super. 2002). Furthermore, post-sentence motions for withdrawal are subjected to higher scrutiny "since courts strive to discourage entry of guilty pleas as sentence-testing devices." *Commonwealth v. Flick,* 802 A.2d 620, 623 (Pa. Super. 2002). Therefore, to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." *Id.* at 623. A defendant will meet this burden only if they demonstrate their guilty plea was entered involuntarily, unknowingly, or unintelligently. *Commonwealth v. Stork,* 737 A.2d 789, 790 (Pa. Super. 1999). Whether a defendant entered into their plea

knowingly, voluntarily, and intelligently requires a totality of the circumstances analysis, but the court must, at a minimum, make the following inquires:

"(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

"(2) Is there a factual basis for the plea?

"(3) Does the defendant understand that he has a right to trial by jury?

"(4) Does the defendant understand that he is presumed innocent until he is found guilty?

"(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged? [and,]

"(6) Is the defendant aware that the sentencing judge is not bound by the terms of any plea agreement tendered, unless he accepts the agreement?" *Commonwealth v. Moser,* 921 A.2d 526, 529 (Pa. Super. 2007).

Moreover, once a defendant enters a plea of guilty, it is presumed that he was aware of what he was doing. *Stork,* 737 A.2d at 790. Consequently, defendants are bound by statements they make at their guilty plea colloquy and may not successfully assert any claims that contradict those statements. *Muhammad,* 794 A.2d at 384. Therefore, when the record establishes a guilty plea colloquy was conducted during which the defendant states he understands the nature of the charges against him, the voluntariness of the plea is established and the burden of proving involuntariness rests upon the defendant. *Stork,* 737 A.2d at 790. Additionally, since the law

does not require that the defendant be pleased with the outcome of his guilty plea, the defendant's mere disappointment in the sentence actually imposed does not represent a manifest injustice. *Commonwealth v. Byrne,* 833 A.2d 729, 737 (Pa. Super. 2003).

The record in this case reflects the defendant knowingly, intelligently, and voluntarily entered his guilty plea. The defendant participated in a complete and thorough guilty plea colloquy where the court made specific inquiries into each of the relevant areas bearing on the validity of the defendant's guilty plea. After the court went over each required area of inquiry and asked the defendant if he understood, the defendant stated that he did.

At the defendant's post-sentence hearing on his motions to withdraw the guilty pleas, the defendant alleged he entered his pleas as a result of his depression, anxiety, and family pressure. However, these assertions are clearly contrary to the statements made by the defendant at his guilty plea colloquy. At the guilty plea colloquy, this court and defense counsel addressed these issues on the record. The defendant expressly stated that it was his decision to plead guilty and that neither any medication he had previously taken nor his underlying diagnosis affected his decision to plead guilty in any way. (Notes of testimony of post-sentence hearing, pp.12-13.) Because the defendant is bound by statements he makes at the plea colloquy, a contrary assertion made subsequent to his guilty plea is not proper grounds for granting a request to withdraw his plea. *Muhammad,* 794 A.2d at 378. Moreover, the fact that the defendant may have been

"under pressure" from family members to plead guilty does not invalidate his pleas absent additional evidence of incompetence. See *Commonwealth v. Myers,* 434 Pa. Super. 221, 229, 642 A.2d 1103, 1107 (1994).

Under the totality of the circumstances, the defendant's guilty pleas were entered into knowingly, voluntarily, and intelligently. The pleas did not result in a manifest injustice. Therefore, the court did not abuse its discretion by denying the defendant's post-sentence motions to withdraw his pleas.

For the forgoing reasons, this court respectfully requests that the defendant's appeal be denied.