J-S66018-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
KEVIN THOMAS YOUNGQUIST :
:
Appellant : No. 49 WDA 2017

Appeal from the Judgment of Sentence December 2, 2016
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000321-2015

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT*, J.

MEMORANDUM BY DUBOW, J.: FILED NOVEMBER 20, 2017

Appellant Kevin Thomas Youngquist appeals from the Judgment of
Sentence entered on December 2, 2017, after he pled guilty to Disorderly
Conduct. Appellant challenges the denial of his pre-sentence Motion to
Withdraw his Guilty Plea. We affirm.

On June 6, 2015, Appellant and Thomas Johnson got into a physical
altercation at the home in which they were living, which resulted in Johnson
suffering a broken jaw. When police officers were called to the home,
Appellant admitted to the police that he had punched Johnson in the jaw.
The Commonwealth charged with Appellant with one count each of Simple

_____
* Retired Senior Judge assigned to the Superior Court.

Assault and Harassment.[1]  Represented by Public Defender John Parroccini, Esq., Appellant initially pled not guilty, and the court scheduled a jury trial.

The court subsequently granted three continuances to Defendant.  On June 6, 2016, the court scheduled trial for August 9, 2016.  The parties selected the jury on June 20, 2016.

On August 4, 2016, the court granted the Commonwealth's request to amend the Criminal Information to add one count of Disorderly Conduct, 18 Pa.C.S. § 5503(a)(1).

Also on August 4, 2016, Appellant entered an open guilty plea to the Disorderly Conduct charge and agreed to $9,436.40 in Restitution.  The Commonwealth nolle prossed the remaining charges.  At the time he entered the plea, Appellant admitted that he had punched Johnson in the jaw with a closed fist.

On August 15, 2016, Attorney Parroccini withdrew his appearance and John R. Shreve, Esq., entered his appearance on behalf of Appellant.

On September 6, 2016, Appellant filed a Motion to Withdraw his Guilty Plea, contending that the plea "was premised on a cursory review of his discovery packet, leading to an improper understanding of the factual allegations underlying his plea, the evidence against him, and the

_____

[1] 18 Pa.C.S. §§ 2701(a)(1) and 2709(a)(1), respectively.

Commonwealth's burden of proof in this matter." Motion, dated 9/6/16. Appellant also baldly asserted his innocence. Id.

At a hearing on September 9, 2016, Appellant's counsel repeated that, notwithstanding his representation by counsel, Appellant had not understood the details of his case at the time of the plea. Counsel again asserted Appellant's bald claim of innocence. Counsel also acknowledged that the jury had been picked and the trial date set for August 9, 2016, before Appellant had entered his plea, but averred that Appellant's "motivations behind that [were] that he misunderstood the potential level of incarceration associated with going to trial and being guilty." N.T. Motion to Withdraw Plea, 9/9/16, at 5. The court denied the Motion to Withdraw the Plea, stating, inter alia, "I haven't heard an expression that he is innocent in [any] way, shape or form of the charges." Id. at 8.

On December 2, 2016, the court sentenced Appellant to Restitution and a term of incarceration of 7 days to one year, with credit for time served of 7 days,[2] making him eligible for immediate parole.

On January 4, 2017, Appellant appealed. The court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement by January 21, 2017. On January 25, 2017, Appellant filed a Motion for Enlargement of Time to file the Rule 1925(b) Statement. The court granted the Motion and ordered Appellant to

_____

[2] Appellant had served 7 days in county jail after he was arrested on a bench warrant for failing to appear for sentencing in October 2016.

file his Rule 1925(b) Statement by February 23, 2017. On February 27, 2017, Appellant filed his Rule 1925(b) Statement stating, "The Trial Court erred in denying the Defendant's Motion to Withdraw his Plea of guilty."[3] The trial court filed a Rule 1925(a) Opinion, noting the "exceedingly brief" and untimely Rule 1925(b) Statement, but nonetheless addressing the merits. See Trial Ct. Op., dated 3/15/17, at 1.

In his Brief, Appellant raises the following issue:

Did the Trial Court err when it denied the Defendant's pre-sentence motion to withdraw his plea of guilty when the Defendant, who is both physically and mentally disabled, asserted his innocence to the charges against him and made known to the court that his initial plea was made without any prior review of the discovery materials, was made without any discussion of the available legal defenses, and was premised on a misunderstanding of the application sentencing guidelines and burden of proof?

Appellant's Brief at 5-6.

Generally, the untimely filing of a Rule 1925(b) Statement results in waiver of the issues on appeal. Commonwealth v. Hill, 16 A.3d 484, 494 (Pa. 2011). However, where a defendant is represented by counsel, the late filing represents per se ineffectiveness, which would normally require us to remand for the filing of a Rule 1925(b) statement nunc pro tunc. Commonwealth v. Burton, 973 A.2d 428, 433 (Pa. Super. 2009) (en

_____

[3] Appellant's Rule 1925(b) Statement is dated February 23, 2017, but was not filed with the Court of Common Pleas until February 27, 2017.

banc).  However, where a Rule 1925(b) Statement is untimely and the trial court has filed an Opinion addressing the issues raised, we may elect not to remand and proceed to review the appellant's arguments.  See, e.g., Commonwealth v. Grohowski, 980 A.2d 113, 115 (Pa. Super. 2009) (concluding that "the trial court has addressed the merits of the issues raised by the Commonwealth so that we may review the issues raised.").

In the instant case, notwithstanding the untimeliness of Appellant's Rule 1925(b) Statement, the trial court addressed the issue "in the interest of justice and expedience."  Trial Ct. Op., dated 3/15/17, at 1.  We will, likewise, address the issue in the interests of judicial economy.

Appellant challenges the trial court's refusal to allow him to withdraw his guilty plea prior to sentencing.  There is no absolute right to withdraw a guilty plea.  Commonwealth v. Carrasquillo, 115 A.3d 1284, 1292 (Pa. 2015).  "Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." Commonwealth v. Forbes, 299 A.2d 268, 271 (Pa. 1973) (citation omitted).  "Because the plea involves the simultaneous waiver of so many constitutional rights, a request to withdraw prior to sentencing is generally 'liberally allowed.'" Commonwealth v. Dickter, 465 A.2d 1, 2 (Pa. Super. 1983), citing Forbes, supra at 271.  However, the "bare assertion of

innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." Carrasquillo, supra at 1285.

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

Id. at 1292. We, thus, review the denial of pre-sentence Motion to Withdraw a Guilty Plea for an abuse of discretion.[4]

In her Pa.R.A.P. 1925(a) Opinion, the Hon. Maureen A. Skerda addressed Appellant's challenge to the denial of his plea withdrawal motion as follows:

> Appellant only made a bare assertion of innocence, which was insufficient to support his motion to withdraw his plea prior to sentencing. Furthermore, appellant made admissions to the police at the time of the arrest as well as to the court at time of colloquy that support [that] he understood the nature of the charges and admitted to the conduct. Accordingly, the court denied the motion to the extent that it relied on a claim of innocence. ... Further, Appellant did not contradict ... the Commonwealth [when it noted that Appellant had "made an inculpatory statement to a police officer which amounted to a confession."] Coupled with Appellant's admissions at the time he entered his guilty plea, this information makes Appellant's claim of innocence appear implausible.

_____

[4] We may reverse a decision based on an abuse of discretion "only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." Commonwealth v. Cameron, 780 A.2d 688, 692 (Pa. Super. 2001).

Trial Ct. Op. at 3-4 (citations to N.T. omitted).

Judge Skerda also observed the following with respect to Appellant's claims that he had insufficient information about his case before he entered his guilty plea:

> In his Motion to Withdraw a Plea of Guilty, at paragraph 2, Appellant alleged that he misunderstood the allegations and evidence against him and the Commonwealth's burden of proof. At the time of the hearing on Appellant's motion to withdraw his plea, the court asked Appellant's counsel for details concerning the mistaken beliefs that Appellant had concerning his plea. Counsel specified that Appellant believed he would automatically be sentenced to serve the maximum period of incarceration that could legally be imposed for the crime to which he pled guilty. Counsel also stated that Appellant believed he had no possible defenses to the charges against him.
>
> At the time Appellant entered his guilty plea, an appropriate colloquy was conducted on the record which satisfied the requirements of Pa.R.Crim.P. 590(A)(3)[5] and the comments thereto. Also Appellant's responses to some of the questions asked during the colloquy contradict Appellant's specific claims as to misunderstandings he had. Appellant stated that he was aware of the nature of the charges against him, and he was read the charge to which he plead guilty, including the underlying factual basis, and Appellant stated that he admitted to the charge. Appellant was also informed that he had a right to a trial and a trial by jury. Also, the court notes that Appellant was scheduled for a trial the week after he entered his guilty plea, and he and his counsel had already participated in selecting the jury. Appellant was informed of the presumption of his innocence and that the Commonwealth had the burden to prove him guilty beyond a reasonable doubt. Finally, Appellant was

_____

[5] Pa. R. Crim. P. 590(A)(3) provides: "The judge may refuse to accept a plea of guilty, … and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered."

informed by the court of the maximum possible sentence of incarceration and the maximum possible fine that he could receive, and counsel for Appellant at that time certified on the record that he had advised Appellant of the permissible range of sentences and the maximum sentence allowed by law.

The colloquy conducted with Appellant satisfied the legal prerequisites to a finding that the plea was voluntarily and understandingly entered. Thus the court denied Appellant's motion to withdraw his guilty plea to the extent that it claimed the plea was not voluntarily and/or understandingly entered.

Although it is not a necessary foundation for the court's denial of Appellant's motion, the court also notes that Appellant could not have been prejudiced by the mistaken impressions that he allegedly had concerning his plea. Appellant allegedly believed that he would be sentenced to the maximum period of incarceration for the crime he plead guilty to, which was one year. In reality, the sentencing guidelines provided for a standard range with a minimum and maximum of restorative sanctions. Because Appellant had seven days of presentence incarceration credit, he was sentenced to a minimum of seven days and immediately paroled.

Trial Ct. Op. at 4-5 (citations to N.T. omitted).

Our review of the certified record, including the transcripts from each of the relevant hearings, indicates that the trial court's analysis is supported by the record and the law. We, thus, adopt Judge Skerda's analysis as our own, and conclude that the court did not abuse its discretion in denying Appellant's Motion to Withdraw his Guilty Plea.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/20/2017