J-S27040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RODNEY GAFFNEY, | : | |
| Appellant | : | No. 3850 EDA 2017 |

Appeal from the Judgment of Sentence October 30, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003575-2014

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 21, 2018**

Appellant Rodney Gaffney appeals from the Judgment of Sentence that the court entered after denying his pre-sentence Motion to Withdraw Guilty Plea. We affirm.

The underlying facts, as paraphrased from the trial court's Opinion, are as follows. On March 18, 2014, while driving through Coatesville with Robert Snyder, Zaequon Closson saw Appellant driving a vehicle with Maurice Scott in the front passenger's seat. When Closson thought he saw Maurice Scott reach for a weapon, Closson sped off toward his apartment, with Appellant and Maurice Scott in pursuit. Upon arriving at the apartment complex, Closson left the car and ran toward his residence. Maurice Scott then exited his vehicle, pointed a machine-gun-style handgun at Closson and attempted to shoot him, but the gun jammed. Appellant then exited the vehicle and shot

at Closson. Closson shot back at Appellant and injured a 14-year-old boy, who was standing in front of a window inside a nearby residence. Trial Court Opinion, 8/22/17, at 2.

On October 2, 2014, the Commonwealth arrested Appellant and charged him with, *inter alia*, Aggravated Assault and Persons Not to Possess Firearms.[1] Appellant did not post bail. Because Appellant was on parole from a prior armed Robbery conviction, the State Board of Probation and Parole (the "Board") placed a detainer on Appellant.

The court scheduled a joint trial for Appellant and Mr. Scott for September 28, 2015. However, after the parties picked the jury, Appellant's counsel became ill and the court entered a mistrial without prejudice as to Appellant and continued his trial to a later date. The jury subsequently found Mr. Scott not guilty of all charges on October 2, 2015.[2]

After several continuances, the court scheduled Appellant's trial for March 13, 2017. On the eve of trial, Appellant entered into a negotiated guilty plea to one count of Aggravated Assault and one count of Persons Not to Possess Firearms. Under oath, Appellant admitted that he tried to shoot Mr.

_____

[1] 18 Pa.C.S. § 2702(a)(1) and 18 Pa.C.S. § 6105(a)(1), respectively. The Commonwealth also charged Appellant's co-defendant, Maurice Scott, with various offenses as a result of the March 18, 2014 incident.

[2] Robert Snyder, an anticipated Commonwealth witness, absconded from probationary supervision and did not testify at Mr. Scott's trial. The Commonwealth subsequently detained him as a witness for Appellant's anticipated trial.

- 2 -

Closson, manifesting extreme indifference to the value of human life. N.T. Plea, 3/13/17, at 2, 9. Appellant's plea agreement included a sentence of eleven-and-a-half to twenty-three months' incarceration followed by four years of probation, and allowed for Appellant to receive credit from June 8, 2016 through the date of the plea agreement (approximately nine months' time served). Guilty Plea Colloquy, 3/13/17, at 3.

In explaining the basis of the negotiated sentence, which fell below the applicable sentencing guidelines, Appellant's counsel referenced the back-time due on Appellant's parole. The trial court deferred sentencing that day in order to determine the amount of restitution owed by Appellant.[3]

Nearly two months later, on May 4, 2017, Appellant wrote a letter to the Chester County District Attorney's office stating:

> [W]e had a negotiated plea stating 20 months [of incarceration] goes to [the Board] and the other 11 months goes to [the plea negotiated for the March 2014 matter]. **I just received some information today that [the Commonwealth] cannot give me 20 months [time-served credit] to the [Board because the Board] will not count it... If I cannot receive anything in writing to say the [Board] will count the [20 months' time served], then I would like to take my plea back and exercise my right to a fair trial**.

_____

[3] On March 17, 2017, after Appellant pleaded guilty, the court released Robert Snyder who had been detained as a Commonwealth witness pending Appellant's trial. On March 27, 2017, the court sentenced Zaequon Closson to time served and released him from custody.

- 3 -

N.T. Motion, 7/7/17, at 12, *quoting* Letter, dated 5/4/17 (emphasis added).[4]

On May 17, 2017, the court docketed another letter from Appellant to his attorney asking the attorney to file a Motion to Withdraw Guilty Plea. In that letter, Appellant noted that he "does not want to take responsibility for something [he] did not do." Trial Court Opinion, 8/22/17, at 5, *quoting* Letter, dated 5/17/17.

On May 22, 2017, the Board sent Appellant a letter stating that Appellant would not be eligible for time served between his arrest and his release in June 2016 because he had failed to post bail on the charges stemming from the March 2014 Coatesville incident because "any time [Appellant served] on a no-bail status must be applied to any sentence [Appellant receives]." ***Id***.; ***see also*** N.T. Motion, 7/7/17, at 8-10.

On June 30, 2017, Appellant's counsel filed a Motion to Withdraw Guilty Plea, contending that Appellant maintains his innocence, and that his innocence is supported by the acquittal of Mr. Scott, his co-defendant. Counsel also asserted that an additional witness that did not testify during

_____

[4] In his Brief, Appellant refers to three letters: one he wrote to the Commonwealth on May 4, 2017; one he wrote to his counsel and the Chester County Clerk of Courts on May 17, 2017; and one he received from the Board on May 22, 2017. Appellant's Brief at x. None of these letters, however, are in the record. ***See Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (requiring Appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty). Because the trial court's Opinion and both parties' Briefs refer to these letters, we conclude that we will not hold Appellant's failure to transmit the full record against him. ***See*** Pa.R.A.P. 1931.

Scott's trial would testify in Appellant's defense. Last, counsel asserted that the Board's refusal to credit Appellant for time served that was part of his negotiated plea agreement was a fair and just reason for withdrawing the guilty plea. Motion to Withdraw Guilty Plea, 6/30/17, at 1-2.

On July 7, 2017, the court held a hearing on Appellant's Motion. At that hearing, Appellant's counsel presented the same arguments set forth in the Motion, and noted that Appellant will serve at least an additional year in prison as a result of the Board's refusal to credit Appellant in accordance with the March 13, 2017 plea agreement. N.T. Motion, 7/7/17, at 10-11. The Commonwealth argued that: (1) Appellant's claim of innocence was not plausible; (2) the Board's findings and detainer related to Appellant's previous Robbery conviction were not guaranteed in the March 2017 plea deal, nor could they have been, because the Commonwealth does not have the ability to control the determinations of the Board; and (3) Appellant simply wanted to withdraw his guilty plea because he took a risk that his time served would be credited by the Board and it failed. *Id*. at 13-14, 19-20.

On August 22, 2017, the trial court denied Appellant's Motion to Withdraw Guilty Plea. The court stated, *inter alia*, that "because the evidence against [Appellant] appears to be more substantial than that presented at Maurice Scott's trial, we find that [Appellant's] claim of innocence, based solely on the jury's verdict in Maurice Scott's case, to be insufficient to satisfy [Appellant's] burden of demonstrating a colorable claim of innocence." Trial Court Opinion, 8/22/17, at 10-11. The court also found that the

Commonwealth would not be substantially prejudiced if it granted Appellant's Motion. *Id*. at 11-12.

On October 30, 2017, the court sentenced Appellant in accordance with the terms of the negotiated guilty plea, and credited Appellant with eleven months' time served. N.T. Sentencing, 10/30/17, at 8-10. The court released Appellant from custody for the instant convictions, and defense counsel pointed out that he was still in custody on the Board's detainer. *Id*. at 10-11.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for this Court's consideration:

1. Did the lower court err in denying the Appellant's motion to withdraw his guilty plea by not considering *any* fair and just reason?

2. Did the lower court err in denying the Appellant's motion to withdraw his guilty plea by concluding that the Appellant did not present a plausible claim of innocence?

Appellant's Brief at vii (italics in original).

In both issues, Appellant challenges the trial court's refusal to allow him to withdraw his guilty plea prior to sentencing. There is no absolute right to withdraw a guilty plea. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291 (Pa. 2015). Trial courts have discretion in determining whether to grant a withdrawal request, and such discretion is to be administered liberally in

favor of the accused.  *Id*. at 1291-92.[5]  We, thus, review the denial of a pre-sentence Motion to Withdraw a Guilty Plea for an abuse of discretion.

Any demonstration by a defendant of a fair and just reason will suffice to support a grant, unless withdrawal would substantially prejudice the Commonwealth.  *Id*. at 1292.  "Because the plea involves the simultaneous waiver of so many constitutional rights, a request to withdraw prior to sentencing is 'liberally allowed.'"  ***Commonwealth v. Dickter***, 465 A.2d 1, 2 (Pa. Super. 1983), *citing* ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973).  However, the "bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request."  ***Carrasquillo***, ***supra*** at 1285.  As the Supreme Court found:

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea.  **More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice**.  The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id*. at 1292 (emphasis added).

---

[5] ***See also*** Pa.R.Crim.P. 591(A): "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."

The trial court must base its determination of whether to permit a pre-sentence withdrawal request on the totality of the circumstances attendant at the time of the request. *Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 24 (Pa. Super. 2017). These circumstances may include "the timing of the assertion of innocence, the statements made by the defendant in association with his declaration of innocence, and the plausibility of the defendant's statements in light of the evidentiary proffer made by the Commonwealth at the plea hearing." *Id*. The trial court should also consider any "ulterior or illicit motive" for the motion to withdraw the plea. *Commonwealth v. Islas*, 156 A.3d 1185, 1190-91 (Pa. Super. 2017).

As previously noted, the trial court found that the Commonwealth would not be substantially prejudiced by Appellant withdrawing his guilty plea. Thus, our analysis turns on whether (1) Appellant has made a plausible claim of innocence, and (2) he has offered a colorable demonstration that permitting withdrawal of the plea would promote fairness and justice.

In his Brief, Appellant argues that he put forth a plausible claim of innocence under the standard set forth in *Carrasquillo* because Mr. Scott was acquitted of similar charges stemming from the same incident and "[o]ther than [] one additional witness [that cannot identify Appellant as the shooter], the testimony and evidence in Appellant's case would have been exactly the same as in his co-defendant's case." Appellant's Brief at 8. We disagree.

Appellant baldly claimed in May 2017 that he "does not want to take responsibility for something [he] did not do," and contended that his trial would be markedly similar to his co-defendant's trial, which resulted in acquittal. However, applying the guidelines set forth in **Commonwealth v. Johnson-Daniels**, 167 A.3d 17, (Pa. Super. 2017), the timing of Appellant's innocence claim and the statements he made in his May 2017 letters fatally undermine the plausibility of his claim of innocence.

Appellant entered a negotiated guilty plea on the eve of trial. After he pled guilty, he stayed silent and waited to hear from the Board. In fact, even in his letter dated May 4, 2017, nearly two months after his plea, Appellant did not assert any declaration of innocence. In that first letter, Appellant states only: "I just received some information today… [and] if I cannot receive anything in writing to say the [Board] will count the time, then I would like to take my plea back and exercise my right to a fair trial." N.T. Motion, 7/7/17, at 12, *quoting* Letter, dated May 4, 2017. Plainly read, Appellant's first letter was a rushed attempt to back out of a deal immediately after he learned of an undesirable outcome from the Board. Appellant's actions make clear that the decision from the Board solely motivated him to make a claim of innocence after nearly two months of silence.

Based on the totality of the circumstances, we, like the trial court, conclude that Appellant has not presented a plausible claim of innocence such that permitting withdrawal of his plea would promote fairness and justice.

Accordingly, the trial court properly denied Appellant's Motion to Withdraw Guilty Plea.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/18