J-S14024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY BENJAMIN NOLL | : | |
| | : | |
| Appellant | : | No. 35 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 15, 2020
In the Court of Common Pleas of  at No(s):  CP-60-CR-0000194-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY BENJAMIN NOLL | : | |
| | : | |
| Appellant | : | No. 36 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 15, 2020
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000194-2019
CP-60-CR-0000195-2019

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                     **FILED JUNE 23, 2021**

Appellant, Rodney Benjamin Noll, appeals from the December 15, 2020

Judgment of Sentence of six to 24 months' less one day incarceration and a

probationary term imposed after Appellant entered a negotiated guilty plea to

one count each of Aggravated Assault and Simple Assault.[1, 2]  Appellant

challenges the denial of his pre-sentence Motion to Withdraw Guilty Plea.  After

careful review, we affirm.

On March 14, 2019, Appellant went separately to the homes of Asa

Smith and Anthony Rocuski and assaulted each man.  The Commonwealth

charged Appellant with offenses arising from that conduct, including Simple

Assault, Harassment, and Aggravated Assault.  Appellant waived arraignment,

and on August 13, 2019, filed a Motion for Writ of *Habeas Corpus*.[3]

On September 19, 2019, the trial court held a hearing to consider

Appellant's Motion for Writ of *Habeas Corpus*.  At the hearing, the

Commonwealth presented testimony from Appellant's victims that Appellant

had gone to their homes and initiated verbal and physical altercations with

them.  According to the testimony, Appellant struck the first blows and beat

one victim, Asa Smith, so severely that Mr. Smith spent one week in the

intensive care unit and one week at a rehabilitation facility before returning

---

[1] 18 Pa.C.S. §§ 2702(a)(1) and 2701(a)(1).

[2] The Commonwealth charged Appellant at two separate docket numbers and the trial court consolidated the cases.  Appellant entered his guilty plea to Simple Assault at Docket No. 194-2019 and to Aggravated Assault at consolidated Docket No. 195-2019.  We consolidated Appellant's appeals *sua sponte.*

[3] In the Motion, Appellant asserted that the Commonwealth's evidence was insufficient to establish that the victims suffered "serious bodily injury" pursuant to 18 Pa.C.S. § 2301, and requested that the court, *inter alia*, dismiss certain charges.  Motion, 8/13/19, at ¶¶ 5-11.

home.[4]  Immediately following the hearing, the trial court denied Appellant's Motion.

The trial court scheduled jury selection for October 19, 2020.  After Appellant failed to appear for jury selection, the court permitted defense counsel to drive to Appellant's residence to inform Appellant that he was late for court and must appear immediately.  When Appellant appeared in the courtroom soon thereafter, rather than select a jury, Appellant elected to plead guilty to one count each of Aggravated Assault and Simple Assault. Appellant submitted a written plea colloquy in which he acknowledged, *inter alia*, that he was pleading guilty freely and voluntarily and that he was waiving his right to present any defenses.  **See** Written Plea Colloquy, 10/19/20, at ¶¶ 15, 35-36.  At the plea hearing, Appellant admitted that he had committed both offenses and counsel represented that Appellant was entering his plea knowingly, intelligently, and voluntarily.  **See** N.T., 10/19/20, at 6-10; Attorney's Certification, 10/19/20, at ¶ 7.  The court scheduled sentencing for December 15, 2020.

On December 9, 2020, Appellant filed a Motion to Withdraw Guilty Plea. In it, counsel acknowledged that, prior to Appellant entering a guilty plea, he had discussed a self-defense claim with Appellant because Appellant had previously stated to him that it was the victims who had initiated the physical contact with Appellant when Appellant went to each victim's home.  Motion,

---

[4] **See** N.T., 9/19/20, at 9, 20.

at ¶ 4.  Appellant also asserted in his Motion that he had felt pressured to enter the guilty pleas due to miscommunication with counsel regarding the date and time of the jury selection and the plea offer.  *Id.* at ¶¶ 3, 5, 8-10. Appellant conceded that he had admitted under oath and on the record to certain facts in support of his guilty pleas at his guilty plea hearing.  *Id.* at 11.

On December 15, 2020, the trial court denied Appellant's Motion to Withdraw Guilty Plea concluding that Appellant did not have a fair and just reason to withdraw his plea pursuant to *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015).  The court then sentenced Appellant to the negotiated terms of 6 to 24 months less one day of incarceration for his Aggravated Assault conviction and a consecutive two-year term of probation for his Simple Assault conviction.

Appellant timely appealed from his Judgment of Sentence.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal Appellant asserts that "the trial court abused its discretion by denying Appellant's request to withdraw his guilty pleas prior to sentencing." Appellant's Brief at 4.  He contends that he presented fair and just reasons for withdrawing his plea, *i.e.*, (1) he had a viable justification defense argument to present at trial, and (2) he felt pressured to enter the guilty plea because of the circumstances of the timing of the hearing and his unspecified "miscommunication with counsel."  *Id.* at 13-14.  He baldly claims that, in denying his Motion, the trial court incorrectly applied the more stringent "manifest injustice" standard rather than "liberal allowance when a colorable

demonstration is made which promotes fairness and justice." *Id.* at 14. He argues that the court erred in using Appellant's participation in the guilty plea hearing to undermine the assertions set forth by Appellant in support of his Motion. *Id.*

This Court reviews the denial of a motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013). An abuse of discretion is more than an error in judgment; it will not be found unless the trial court's judgment was manifestly unreasonable, or was the result of partiality, bias, or ill-will. *Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa. Super. 2003).

Pennsylvania Rule of Criminal Procedure 591(A) provides that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

"There is no absolute right to withdraw a guilty plea[.]" *Carrasquillo*, 115 A.3d at 1291. Trial courts have discretion in determining whether to grant a withdrawal request made prior to sentencing, and such discretion is to be administered liberally in favor of the accused. *Commonwealth v. Dickter*, 465 A.2d 1, 2 (Pa. Super. 1983).

Any demonstration by a defendant of a fair and just reason will suffice to support a granting his motion to withdraw his plea prior to sentencing, unless withdrawal would substantially prejudice the Commonwealth.

*Carrasquillo*, *supra*, at 1292.  However, the "bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request."  *Id.* at 1285.  "[A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea."  *Id.* at 1292.

The trial court must base its determination of whether to permit a presentence plea withdrawal request on the totality of the circumstances attendant at the time of the request.  *Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 24 (Pa. Super. 2017).

Instantly, the trial court, which presided over the Omnibus Motion hearing, the guilty plea hearing, and the hearing pertaining to the Motion to Withdraw Guilty Plea, concluded that Appellant's assertion of innocence by reason of self-defense was not plausible.  In so doing, the court considered Appellant's representations at the plea hearing, his completion of the written guilty plea colloquy, and the testimony presented at the hearing on Appellant's Motion for Writ of *Habeas Corpus*.  In particular, the trial court explained:

> [A]ccording to testimony [], [Appellant] initiated the conflicts [with the victims].  In both cases, [Appellant] went to the residences of the victims to confront them over some issue. According to the testimony at the Omnibus hearing, [Appellant] struck the first blows and beat victim Asa Smith so severely that he spent significant time in an intensive care unit.  This testimony, in this court's opinion, renders a self-defense claim implausible.

Trial Ct. Op., 2/1/21, at 2.

The trial court likewise found that fairness and justice did not require vacatur of Appellant's guilty plea based on Appellant's assertion that he felt

pressure to plead guilty because of his miscommunication with counsel regarding the timing of jury selection. In this respect, the trial court emphasized Appellant's acknowledgements that: (1) the decision to plead guilty was his and that he entered it freely and voluntarily; (2) he was waiving his right to present any defenses that he thought he may have, including the self-defense claim he raised in his Motion to Withdraw Guilty Plea; and (3) he committed both offenses. *Id.* at 1. The court also noted that Appellant's attorney's expressed belief that Appellant entered his plea knowingly, intelligently, and voluntarily. *Id.* at 1-2.

Following our review, we conclude that the trial court did not abuse its discretion in denying Appellant's pre-sentence Motion to Withdraw Guilty Plea. Accordingly, Appellant is not entitled to relief.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/23/2021